**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CIVIL ACTION NO. 24-39-DLB-CJS

BRANDON HAMBRICK, JR.                                                                 PETITIONER

v.     **ORDER ADOPTING REPORT AND RECOMMENDATION**

TIM LANE, Warden
**Green River Correctional Complex**                                                  RESPONDENT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Petitioner's *pro se* Motion for Protective Petition, seeking to have this Court order a "stay and abeyance" of a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 1). This matter was referred to Magistrate Judge Smith for the purpose of reviewing the motion and preparing a Report and Recommendation. After reviewing the issues raised by Petitioner, Judge Smith issued a Report and Recommendation on November 11, 2024 (Doc. # 12), and subsequently, a Corrected Report and Recommendation[1] on December 2, 2024, recommending that Petitioner's Motion be conditionally granted (Doc. # 13). No objections to the Report and Recommendation have been filed and the time to do so has expired. Therefore, the Report and Recommendation is now ripe for review.

Having reviewed the Magistrate Judge's Report and Recommendation, the Court concurs with the recommended denial. Thus, the Report and Recommendation will be

---

[1] The corrected Report and Recommendation was issued to "provide a missing CourtNet citation at page 6 of the initial Report and Recommendation and to provide at page 16 the correct language for presenting any objections." (Doc. # 13 at 1). The Corrected Report and Recommendation supersedes the prior Report and Recommendation.

1

**adopted in full** and Petitioner's Motion **conditionally granted**. Accordingly,

**IT IS ORDERED AND ADJUDGED** as follows:

(1) The Magistrate Judge's Corrected Report and Recommendation (Doc. # 13) be, and is hereby, **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(2) That Hambrick's filing of a *pro se* Motion for Protective Petition be **CONSTRUED** as a Protective Petition Under 28 U.S.C. § 2254 and docketed as such.

(3) That this action be **STAYED** and the application for a writ of habeas corpus be **HELD IN ABEYANCE** pending Hambrick's state post-conviction review proceedings.

(4) That the **STAY** with this Court to preserve Hambrick's opportunity to present a federal § 2254 Petition be **CONDITIONED** on Hambrick doing the following:

    a) presenting unexhausted claims to the state courts by Hambrick's filing of a RCr 11.42 motion with the state trial court within thirty (30) days following the date of the District Judge's Order adopting this Report and Recommendation;

    b) within 14 days after he makes that RCr 11.42 filing in the state trial court, Hambrick files proof in this federal action that he has made that state court filing; and

    c) within thirty (30) days of fully exhausting his state court remedies, filing a motion to reopen and lift the stay and amend his § 2254 Petition in this Court, using the same caption and case number as appears on this Report and Recommendation.

Hambrick's failure to comply with any one of these conditions could result in dismissal of his federal 28 U.S.C. § 2254 Petition.

(5) That the Clerk of Court be directed to **CLOSE** this case for statistical purposes only, with nothing in the District Judge's Order or any related docket entry addressing this Report and Recommendation to be considered a dismissal of this matter. Upon receipt from Hambrick of a motion to lift the stay following exhaustion of state remedies, the Court can consider at that time ordering the Clerk to reopen this case.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also* Rule 8 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo,* by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

This 23rd day of January, 2025.



Signed By:
<u>David L. Bunning</u>
**United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-39 Order Adopting Report and Recommendation.docx