UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 24-39-DLB-CJS

BRANDON HAMBRICK, JR.                                                                PETITIONER

v.        **ORDER ADOPTING CORRECTED REPORT AND RECOMMENDATION**

TIM LANE, Warden
Green River Correctional Complex                                                  RESPONDENT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Petitioner's *pro se* Motion for Protective Petition, seeking to have this Court order a "stay and abeyance" of a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 1). This matter was referred to Magistrate Judge Smith for the purpose of reviewing the motion and preparing a Report and Recommendation. After reviewing the issues raised by Petitioner, Judge Smith issued a Report and Recommendation on November 27, 2024 (Doc. # 12), and subsequently, a Corrected Report and Recommendation[1] on December 2, 2024, recommending that Petitioner's Motion be conditionally granted (Doc. # 13). No objections to the Corrected Report and Recommendation have been filed and the time to do so has expired. Therefore, the Corrected Report and Recommendation is now ripe for review.

Having reviewed the Magistrate Judge's Corrected Report and Recommendation, the Court concurs with the recommended conditional granting of Petitioner's Motion.

---

[1] The Corrected Report and Recommendation was issued to "provide a missing CourtNet citation at page 6 of the initial Report and Recommendation and to provide at page 16 the correct language for presenting any objections." (Doc. # 13 at 1). The Corrected Report and Recommendation supersedes the prior Report and Recommendation.

1

Thus, the Corrected Report and Recommendation will be **adopted in full,** and Petitioner's Motion **conditionally granted.** Accordingly,

**IT IS ORDERED AND ADJUDGED** that the January 23, 2025, Order Adopting Report and Recommendation (Doc. # 14) be, and is hereby, **VACATED.**

**IT IS FURTHER ORDERED AND ADJUDGED** as follows:

(1) The Magistrate Judge's Corrected Report and Recommendation (Doc. # 13) be, and is hereby, **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court.

(2) Hambrick's filing of a *pro se* Motion for Protective Petition be, and is hereby, **CONSTRUED** as a Protective Petition Under 28 U.S.C. § 2254 and the Clerk is directed to modify Docket Entry # 1 as such.

(3) This action be, and is hereby, **STAYED** and the application for a writ of habeas corpus be, and is hereby, **HELD IN ABEYANCE** pending Hambrick's state post-conviction review proceedings.

(4) The **STAY** with this Court to preserve Hambrick's opportunity to present a federal § 2254 Petition be, and is hereby, **CONDITIONED** on Hambrick doing the following:

    (a) presenting unexhausted claims to the state courts by Hambrick's filing of a RCr 11.42 motion with the state trial court **within thirty (30) days** following the date of this Order adopting the Magistrate Judge's Corrected Report and Recommendation, <u>**the same being by not later than Monday, March 3, 2025**</u> **(the thirtieth day being a Saturday);**

    (b)    within fourteen (14) days after he makes that RCr 11.42 filing in the state trial court, Hambrick **SHALL FILE** proof in this federal action that he has made that state court filing; and,

    (c)    within thirty (30) days of fully exhausting his state court remedies, Hambrick **SHALL FILE** a motion to reopen and lift the stay and amend his § 2254 Petition in this Court, using the same caption and case number as appears on this Order Adopting Corrected Report and Recommendation.

Hambrick's failure to comply with any one of these conditions could result in dismissal of his federal 28 U.S.C. § 2254 Petition.

    (5)    The Clerk of Court be, and is hereby, directed to **CLOSE** this case for statistical purposes only, with nothing in this Order or any related docket entry addressing the Corrected Report and Recommendation to be considered a dismissal of this matter. Upon receipt from Hambrick of a motion to lift the stay following exhaustion of state remedies, the Court can consider at that time ordering the Clerk to reopen this case.

    This 30th day of January, 2025.



Signed By:
*David L. Bunning*
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-39 Order Adopting Corrected RR.docx